IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD L. SATTERLEE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 05-3283-CV-S-RED |
| **UNITED STATES, and** | ) | |
| **COMMISSIONER OF IRS, and** | ) | |
| **INTERNAL REVENUE** | ) | |
| **SERVICE** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now pending before the Court is Defendant United States of America's Motion to Dismiss (Doc. 7); Defendant United States of America's Brief in Support of Motion to Dismiss (Doc. 8); and Plaintiff's Brief in Reply to Attorney for Defendants Motion to Dismiss and Brief in Support of Motion to Dismiss (Doc. 10). The Court has also considered Plaintiff's Petition to Set Aside Decision of Collection Due Process Hearing for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action (Doc. 1) and Plaintiff's First (Doc. 6) and Second (Doc. 22) Briefs in Support of Petition to Set Aside Decision of Collection Due Process Hearing for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action. For the reasons set forth below, the Court finds that Defendant United States of America's Motion to Dismiss (Doc. 7) is due to be **GRANTED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case rises out a challenge by Plaintiff to a Collection Due Process ("CDP") hearing pursuant to 26 U.S.C. § 6330. On January 14, 2005, Defendant Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien with the recorder of deeds in Taney County, Forsyth, Missouri.

The Notice indicates that Plaintiff has outstanding "1040" income tax balances for the years of 1998, 1999, 2000 and 2001 as well as a "6682"[1] tax balance for the year 1996. Plaintiff was informed of this lien by certified mail in a letter dated January 25, 2005. On February 3, 2005, Plaintiff then requested a CDP hearing regarding the Notice of Federal Tax Lien. A CDP hearing was held and on June 2, 2005, the IRS sent Plaintiff two letters entitled "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" (hereinafter "Determination Letters"). The first Determination Letter informed Plaintiff that the notice of federal tax lien was sustained with respect to outstanding tax liabilities owed for the years 1998-2001. Attached to the first Determination Letter was a memorandum explaining that the decision to sustain the tax lien was based on the determination that the IRS had fully complied with all applicable laws, regulations and administrative procedures. This Determination Letter also advised Plaintiff of his right to appeal the decision by filing a petition within 30 days from the date of the letter with the United States Tax Court. The second Determination Letter informed Plaintiff that the notice of federal tax lien was also sustained with respect to the civil penalty for tax year 1996. A memorandum was again attached detailing the IRS's compliance with all applicable laws, regulations and administrative procedures. Notably, this Determination Letter advised Plaintiff of his right to appeal the decision within thirty (30) days in the appropriate United States District Court.

On June 30, 2005, Plaintiff filed his Petition to Set Aside Decision of Collection Due Process Hearing for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action (Doc. 1) in this Court. Plaintiff's Petition is ninety eight pages long and difficult to comprehend at best. It

---

[1] 26 U.S.C. § 6682 authorizes the assessment of a $500 civil penalty for making false statements on a IRS W-4 withholding form.

2

appears that in essence Plaintiff is asking the Court to 1) "set aside" the decision of the CDP hearing sustaining the federal tax lien against Plaintiff and 2) "set aside" the claim of the IRS that Income Taxes are owned for years 1998-2001 with prejudice. In support of these claims, Plaintiff asserts, among many other things: that Plaintiff's labor, wages and compensation are his property and not taxable income; that the Sixteenth Amendment does not authorize a direct tax on Plaintiff's labor and wages; that the IRS lacks subject matter jurisdiction to levy taxes against the Plaintiff; that the Internal Revenue code does not authorize the IRS to collect income unless such income is income within the "constitutional sense" of the Sixteenth Amendment; that because Plaintiff had no taxable income Plaintiff claimed "exempt" on his W-4 forms and never filed any 1040 return forms; that Plaintiff is not a citizen of the United States but rather a non-resident alien and therefore cannot be subjected to United States income tax; and that IRS agents did not have the appropriate designation from the Attorney General of the United States or the Secretary of the Treasury to levy taxes.

Plaintiff also filed with the Court two supplemental briefs in support of his Petition. (Docs. 6 and 22). In these briefs, Plaintiff raises additional challenges to his outstanding tax liability based on information Plaintiff claims to have uncovered as a result of a Freedom of Information ("FOIA") request to the IRS, including charges that the IRS fraudulently filled out 1040 returns for Plaintiff or falsified documents indicating that Plaintiff had filled out 1040 forms. Plaintiff also claims to have obtained computer records indicating that the Plaintiff was 1) not required to file 1040 returns for the years 1996 and 1998-2001; 2) that the IRS lacked a power of attorney to enforce tax liabilities over Plaintiff; and 3) that the computer records indicate a tax liability balance of zero for the years in question. In light of the liberal pleading standard afforded pro se Plaintiffs, the Court will treat these briefs as amendments to Plaintiff's Petition.

3

In response to Plaintiff's Petition, the Government filed a Motion to Dismiss (Doc. 7) Plaintiff's entire case pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. In this Motion, the Government moved to dismiss Plaintiff's Petition as it pertained to the outstanding tax liabilities for years 1998-2001 pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and to dismiss Plaintiff's Petition as to his civil penalty for 1996 under Rule 12(b)(6) for failure to state a claim. Plaintiff filed a response (Doc. 10) in which he again asserted that his wages and compensation were not income, that he owed no taxes for the years in question, and that he had acquired further information from a FOIA request asserting that there is no authorized investigation or action being pursued against Plaintiff by the IRS for the years 1980-2004.

## II. DISCUSSION

In this case, Plaintiff seeks to 1) "set aside" the decision of the CDP hearing sustaining the federal tax lien against the Plaintiff and 2) "set aside" the claim of the IRS that Income Taxes are owed for years 1998-2001 with prejudice. Following the CDP hearing, Plaintiff was informed in two separate Determination Letters the federal tax lien against him was being sustained. The letters also advised Plaintiff of his right to judicial review of the determinations. The first Determination Letter concerns a tax lien on income tax liabilities owned for the years 1998, 1999, 2000, and 2001, while the second Determination Letter concerns a tax lien for civil penalty owed for 1996. The Court will address each of these Determination Letters separately below.

*a. First Determination Letter Concerning Tax Liabilities for years 1998-2001.*

The first Determination Letter sustained the federal tax lien with respect to Plaintiff's income tax deficiencies from the years 1998, 1999, 2000 and 2001. Plaintiff was also instructed that "if you want to dispute this determination in court, you must file a petition with the United States Tax Court

4

for a redetermination within thirty (30) days from the date of this letter." Plaintiff wrongfully asserts in his petition herein that the letter advised him to file his appeal with the district court. He also argues that the tax liabilities at issue are for "employment tax" liabilities over which the Tax Court lacks jurisdiction and that he has uncovered evidence of fraud perpetrated by the IRS that further works against dismissal. Defendant counters that to the extent Plaintiff's Petition challenges his income tax liability for years 1998-2001, it should be dismissed pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure because a district court lacks subject matter jurisdiction over such claims.

The Court has a duty to liberally construe the pleadings of a pro se litigant. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, that mandate does not empower the Court to hear a matter over which it does not have jurisdiction. *See Israel v. United States*, No. 04-CV- 40172, 2005 WL 1155849 (S.D. Iowa March 1, 2005). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for a dismissal based on a court's lack of subject matter jurisdiction to hear the case. Dismissal under Rule 12(b)(1) is appropriate if the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement. *Missouri v. Western Sur. Co.,* 51 F.3d 170, 173 (8th Cir. 1995). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). However, in considering a claim to dismiss for lack of subject matter jurisdiction, the Court may consider matters outside the pleadings without converting the motion into a motion for summary judgment. *See Drevlow v. Lutheran Church*, *Mo. Synod*, 991 F.2d 468, 470 (8th Cir. 1993). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and

5

satisfy itself as to the existence of its power to hear the case." *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1993). Moreover, the plaintiff has the burden of proof that jurisdiction does in fact exist. *Id.*

In this case, both parties are in agreement that 26 U.S.C. § 6330(d)(1) is controlling on the question of subject matter jurisdiction. This provision states in part:

> (d)(1) **Judicial review of determination**.–The person may, within 30 days of a determination under this section, appeal such determination-
> (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or;
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

A plaintiff is required to bring a § 6330 appeal in the Tax Court, so long as the Tax Court has jurisdiction of the underlying tax liability. *True v. C.I.R.*, 108 F.Supp.2d 1361, 1364 (M.D. Fla. 2000). The Tax Court is an Article I court and has jurisdiction to rule on deficiencies assessed by the government on taxpayers. *See* 26 U.S.C. § 6213. The Tax Court also has jurisdiction over challenges to tax levy determinations as well as the process for making the determinations. *See* 26 U.S.C.§ 6330(d)(1)(A); *Crawford v. Comm'r,* 266 F.3d 1120, 1123 (9th Cir. 2001) ("We previously have held that Tax Courts, which are Article I courts, have jurisdiction to consider constitutional questions in the context of deciding deficiencies."); *Downing v. Comm'r*, 118 T.C. 22, 27 (2002) ("The Tax Court generally has jurisdiction over income, gift, and estate tax cases for purposes of section 6330(d)(1)(A) because [it has] deficiency jurisdiction relating to those taxes.")

Here, Plaintiff was clearly instructed by the first determination letter that a challenge to a CDP hearing regarding underlying tax liabilities could only be brought in the United States Tax Court. To the extent that Plaintiff states in his Petition that the first Determination Letter advised him to file his dispute in the district court it is a mischaracterization of the notice in the letter. As

6

previously stated, Plaintiff also argues that the tax court lacks jurisdiction, because the alleged taxes owed are employment taxes, not income taxes subject to the tax court's jurisdiction. This position is without merit. *See True*, 108 F.Supp.2d at 1364 (rejecting similar argument). The first Determination Letter clearly indicates that the tax lien is for income tax deficiencies over a four year period. A review of Plaintiff's Petition also shows that the liabilities in question are for wages or compensation earned by Plaintiff from various jobs held during the same year period. *See* 26 U.S.C. § 61 ("gross income means all income from whatever source derived, including (but not limited to) the following items . . . [c]ompensation for services.") Thus, to the extent that Plaintiff's Petition involves a review of the amount of income tax liability incurred during the 1998-2001 tax years, this Court must dismiss such claims for lack of subject matter jurisdiction. Accordingly, Defendant United States of America's Motion to Dismiss (Doc. 7), as it relates to Plaintiff's tax liabilities for years 1998-2001, is due to be **GRANTED** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

*b. Second Determination Letter Concerning Civil Penalty for 1996*

The second Determination Letter to Plaintiff upheld the federal tax lien with respect to a "civil penalty" owed by Plaintiff for 1996. The letter advised Plaintiff that he could appeal the decision of the IRS Appeals Council within thirty (30) days from the date of the letter to a United States District Court. Plaintiff then filed the instant lawsuit in this Court, essentially reasserting his argument that because his wages and compensation are not income, he could not be subject to the penalty for falsifying a W-4 withholding form (stating that he had no income) because he was not required to pay taxes for the year in question. Defendant United States of America responded by arguing that plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a

7

claim under which relief can be granted.

In ruling on a 12(b)(6) motion to dismiss for failure to state a claim, the Court must "accept the complaint's factual allegations as true and construe them in the light most favorable to [the plaintiff]." *See Whitmore v. Harrington*, 204 F.3d 784, 784 (8th Cir. 2000); *accord Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999); *Gross v. Weber*, 186 F.3d 1089, 1090 (8th Cir. 1999); *Midwestern Mach. v. Northwest Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir. 1999); *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987). A Rule 12(b)(6) motion to dismiss does not test whether the plaintiff will prevail on the merits, but rather tests whether the plaintiff has properly stated a claim upon which relief can be granted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A motion to dismiss should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). If it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

Here, the civil penalty assessed against Plaintiff appears to be for a violation of 26 U.S.C. § 6682. Section 6682 authorizes a $500 dollar penalty for making an unreasonable or baseless statement on a W-4 form resulting in a reduction in income tax deducted and withheld. *See* 26 U.S.C. § 6682(a). The provision further provides that the Tax Court lacks jurisdiction to hear

8

appeals of § 6682 penalties. *See* 26 U.S.C. § 6682(c) (tax court deficiency review does not apply to penalties assessed under this provision); *Barnhill v. Comm'r*, 83 T.C.M. (CCH) 1624 (2002). Accordingly, review of Plaintiff's civil penalty is proper in this Court. *See* 26 U.S.C. § 6330(d)(1)(B).

Plaintiff has provided the Court with voluminous pleadings, including a ninety-eight page Petition. Although it is difficult to discern Plaintiff's claims in his pleadings, it is clear that the crux of Plaintiff's argument is that his wages, compensation and earnings are not subject to federal taxation. As previously discussed, Plaintiff's wages are income, 26 U.S.C. § 61, upon which Plaintiff owes a tax, 26 U.S.C. § 1. As noted by the Third Circuit Court of Appeals, "[e]very Court which has ever considered the issue has unequivocally rejected the argument that wages are not income." *United States v. Connor*, 898 F.2d 942, 943 (3d Cir. 1990). This includes the Eighth Circuit Court of Appeals on multiple occasions. *See Funk v. Comm'r*, 687 F.2d 264, 265 (8th Cir. 1982); *Broughton v. United States,* 632 F.2d 706, 707 (8th Cir. 1980); *Hayward v. Day*, 619 F.2d 716, 717 (8th Cir. 1980). The Eighth Circuit has even found such claims to be "frivolous." *See Funk,* 687 F.2d at 265.[2]

Morever, A district court's review of a civil penalty is limited to whether the civil penalty was appropriately assessed. *See Yuen v. U.S.,* 290 F.Supp.2d 1220, 1224 (D. Nev. 2003) (stating that "The validity of the income taxes Plaintiff owes . . . is not at issue in this action" and limiting their discussion to whether or not a civil penalty pursuant to 26 U.S.C. § 6702 as applied to plaintiff was proper.) Here, Plaintiff has made no discernable allegation as to why the civil penalty was

---

[2]Indeed, the Court briefly notes that several other arguments raised by Plaintiff in his Petition have also been found to be frivolous. *See, e.g., United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1994) (federal income tax is not a voluntary tax); *United States v. Kruger,* 923 F.2d 587, 587-88 (8th Cir. 1991) (finding argument that plaintiff was citizen of the State of Minnesota, but not the United States to be "absurd"); *Lively v. Comm'r*, 705 F.2d 1017, 1018 (8th Cir. 1983) (federal income tax is not an unconstitutional direct tax).

improper other than the frivolous position that his wages and compensation were not subject to taxation. Plaintiff has not made any allegation that specifically challenges the findings and rulings following the CDP hearing. Accordingly, the Court finds that Plaintiff's stated reason for his appeal of the civil penalty is frivolous and therefore, Defendant United States of America's Motion to Dismiss (Doc. 7) is due to be **GRANTED** pursuant to Rule 12(b)(6).

### III. CONCLUSION

For all the foregoing reasons, it is hereby:

ORDERED that Defendant United States of America's Motion to Dismiss (Doc. 7) is **GRANTED.** With respect to Plaintiff's income tax deficiencies for the years 1998, 1999, 2000, and 2001, Plaintiff's Petition to Set Aside Decision of Collection Due Process Hearing for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action (Doc. 1) is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

It is further ORDERED that with respect to the assessment of a civil penalty on Plaintiff for tax year 1996, Plaintiff's Petition to Set Aside Decision of Collection Due Process Hearing for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action (Doc. 1) is hereby **DISMISSED without prejudice**.

Finally, Plaintiff's Motion for Local Rule 37.1(a)(2) Telephone Conference (Doc. 19) and all other pending motions in the above styled case are hereby **DENIED as moot.**

**IT IS SO ORDERED.**

DATE: March 7, 2006         */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT